UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENA REED,

       Plaintiff,

v.                                                                                        Case No.  8:05-cv-1440-T-24 TBM

DOLLAR GENERAL CORPORATION,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Second Affirmative Defense.  (Doc. No. 4).  Defendant opposes this motion.  (Doc. No. 7).

## **I.  Background**

Plaintiff alleges the following in her complaint (Doc. No. 2): On or about September 18, 2004, Plaintiff was a customer of Defendant's store.  Defendant allegedly negligently maintained the store's premises so as to cause a known hazardous condition, which caused Plaintiff to slip and fall.

In response, Defendant has asserted eleven affirmative defenses, one of which is the defense that "Plaintiff's alleged injuries and damages were solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of [Defendant]; and, therefore, Plaintiff cannot recover against" Defendant.  (Doc. No. 3, p. 2, ¶ 2).  Plaintiff now moves to strike this affirmative defense.

## **II.  Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

### III.  Motion to Strike

Plaintiff moves to strike Defendant's affirmative defense that her injuries were caused by the negligence of third parties who were not under the care, custody, control or supervision of Defendant. In support of this argument, Plaintiff cites Nash v. Wells Fargo Guard Services, Inc., 678 So. 2d 1262, 1264 (Fla. 1996), which holds that "in order to include a nonparty on the verdict form pursuant to Fabre,[1] the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty."

Defendant responds that since discovery has just begun, it is unable to identify the name or identity of any third party tortfeasors at this time. Defendant states that it intends to identify the name or identity of any third party tortfeasors as soon as Defendant learns such information. Additionally, Defendant points out that this same issue was before another judge in the Northern

---

[1] Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993).

District of Florida, who found that the defense should not be stricken.[2] As such, Defendant requests that the Court not strike this affirmative defense.

The Court agrees with Defendant that the affirmative defense should not be stricken. "When a defendant in a negligence action alleges that a plaintiff's injury resulted from someone else's negligence rather than his own, the defendant is simply elaborating on the simplest defense of them all, namely that plaintiff has sued the wrong person." King v. ex rel. Murray v. Rojas, 767 So. 2d 510, 512 n.1 (Fla. 4th DCA 2000). As such, this defense is incorrectly labeled as an "affirmative" defense, because "[s]aying that someone else is really the negligent actor is obviously not a confession and avoidance, the essence of a true affirmative defense." Id. Therefore, the Court finds that this defense should not be stricken, because its inclusion does not prejudice Plaintiff. However, if Defendant intends to include a nonparty on the verdict form, it will have to move to amend this defense to specifically identify the non-party.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Second Affirmative Defense (Doc. No. 4) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[2] Currie v. Dollar General Corporation, 1:05-cv-99-SPM-AK (attached to Doc. No. 7).

3